IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HELEN TRACY CARBASHO,

    Plaintiff,

v.                                             Civil Action No. 5:05CV33
                                                      (STAMP)

CITY OF FOLLANSBEE POLICE DEPARTMENT,
CITY OF FOLLANSBEE and
OFFICERS RICHARD REINARD and
CHARLES E. JOHNSON, in their personal
capacities, and in their official
capacities as officers for the City
of Follansbee Police Department,
JOHN DOE POLICE OFFICER, as yet
unknown or unnamed,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTION TO DISMISS AND
GRANTING PLAINTIFF'S EXTENSION FOR SERVICE OF PROCESS**

I.   Procedural History

On March 18, 2005, pro se plaintiff, Helen Tracy Carbasho, filed a complaint in this Court against the defendants, City of Follansbee Police Department, City of Follansbee, Officers Richard Reinard and Charles E. Johnson and John Doe Police Officer, pursuant to 42 U.S.C. § 1983 alleging that the defendants violated her civil rights. The complaint also includes the claims of common law negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, equal protection and punitive damages. On July 18, 2005, defendants filed a motion to dismiss pursuant to Rules 4 and 12(b)(5) of the Federal Rules of Civil Procedure arguing that service had not been accomplished

within 120 days of the filing of the complaint. On August 11, 2005, plaintiff filed a motion for extension of time to file a response to defendants' motion to dismiss. On August 17, 2005, this Court entered an order granting plaintiff's motion for extension of time to file a response. On August 30, 2005, plaintiff filed a reply to defendants' motion to dismiss. Defendants have not filed a reply to the plaintiff's response. On January 3, 2006, the parties filed a joint motion for extension of report of the parties' planning meeting deadlines pending determination of the motion to dismiss.[1]

## II. Facts

On June 1, 2001, plaintiff alleges that she was walking her dog near her home when she was struck by a drunk driver.[2] She alleges that the driver ran a stop sign and made an illegal traffic move crossing two lanes of traffic. Plaintiff alleges that Officer Johnson had observed the driver illegally crossing the lanes of traffic and had decided to forego administering a routine Breathalyzer test because Officer Johnson is a friend of the driver and his family. Plaintiff further alleges that shortly after the hit-and-run accident, Officer Johnson went to the driver's home but never actually questioned the driver despite having an opportunity to do so. Plaintiff asserts that Officer Johnson tracked down the

---

[1] This Court will defer ruling on the parties' joint motion for extension of report of parties planning meeting.

[2] No name is provided for the alleged hit and run driver.

investigating officer, Richard Reinard, and asked him to "forget it [the incident] since the windshield of the car was not broken." (Compl. ¶ 28.) Plaintiff asserts that neither Officer Johnson nor Officer Reinard interviewed the driver on the night in question. Plaintiff asserts that the driver was sentenced to five days in jail, but not investigated pursuant to her complaint. Plaintiff asserts that the police chief actually drove the driver to the Regional Jail due to his friendship with the driver. Plaintiff also alleges that the driver's car was not properly checked before it was returned to the driver. Plaintiff asserts that she never received the benefit of a lawful investigation and "the type of legal redress that should have been accorded her as the true victim in this matter." (Compl. ¶ 39.) Further, plaintiff states that she was denied equal protection of the laws of the United States and the laws of the State of West Virginia and incurred the following damages: shock, injuries and emotional trauma, chronic post-traumatic stress disorder, including anxiety, sleep disturbance, irritability, avoidance of the feared stimuli, avoidance of activities that arose recollections of the trauma, loss of enjoyment of life, other serious and severe injuries the exact natures of which are not known to the plaintiff at this time, expenditures of various money for medical and psychiatric treatment, and attorney's fees.

### III. Applicable Law

The defendants, City of Follansbee Police Department, City of Follansbee, Officers Reinard and Johnson and John Doe Police Officer, move this Court to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(5). Rule 12(b)(5) allows a party to file a motion for insufficiency of service of process. Federal Rule of Civil Procedure 4(m) requires that a plaintiff effect service of process within 120 days of the filing of the complaint.

In order for a plaintiff to withstand a motion to dismiss a complaint for insufficiency of service of process, the plaintiff who failed to comply with time requirements for serving the defendant "must demonstrate that [she] had good cause for not meeting [the] requirements; trial court does not have discretion to extend time absent showing of good cause." T & S Rentals v. United States, 164 F.R.D. 422 (N.D. W. Va. 1996). Good cause exists when a plaintiff has made "reasonable, diligent" efforts to effect service on the defendant." Id. at 425 (citing Quann v. Whitegate Edgewater, 112 F.R.D. 649, 659 (D. Md. 1986)).

### IV. Discussion

The defendants argue that this Court should dismiss the plaintiff's complaint because: (1) the parties have not been properly served, pursuant to Rule 4(j), 4(d)(6)(A), 4(e) and 4(d)(1) and (2) service was not accomplished within 120 days of the

filing of the complaint, pursuant to Federal Rule of Civil Procedure 4.

In plaintiff's reply, she requests that this Court find good cause to extend the 120-day time limit for service. Federal Rule of Civil Procedure 4(m) requires that a plaintiff effect service of process within 120 days of the filing of the complaint. The complaint was filed on March 18, 2005. One hundred and twenty days have elapsed as of July 14, 2005. Rule 4(m) further states that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause exists when a plaintiff has made "reasonable, diligent" efforts to effect service on the defendant. T & S Rentals, 164 F.R.D. at 425 (citing Quann v. Whitegate Edgewater, 112 F.R.D. 649, 659 (D. Md. 1986)). In her reply to defendants' motion to dismiss, plaintiff states that she has retained attorney Paul A. Ellis, Jr. to serve process upon the defendants. (Pl.'s Reply ¶ 2.) Attorney Ellis was informed by John Destefano, the City of Follansbee's City Manager, that legal matters are handled by the City's Attorney Michael Gaudio. (Pl.'s Reply ¶ 6.) Plaintiff states that, on two different occasions, Mr. Gaudio advised Mr. Ellis that he would accept service of the complaint, pursuant to Federal Rule of Civil Procedure 4(d)(6)(e). (Pl.'s Reply ¶ 8, 13.) When a defendant actively evades service of process in "the face of plaintiff's attempts to effect such

5

service," this constitutes good cause for a court to extend time of service. T & S Rentals, 164 F.R.D. at 425. Mr. Ellis then sent the clerk's office a copy of the return of service. (Pl.'s Reply ¶ 16.) The defendants have not replied to plaintiff's response.

The pro se plaintiff has shown good cause for the failure in the service of process of her complaint. Accordingly, this Court extends the time for service of process for a 120-day period from this order. Thus, service of process shall be effected by **May 5, 2006**.

## V. Conclusion

For the reasons stated herein, the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 4(m) and 12(b)(5) is hereby DENIED. For good cause shown, this Court GRANTS plaintiff's extension of time for service of process to be effected by **May 5, 2006**.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this memorandum opinion and order to pro se plaintiff and to counsel of record herein.

DATED:   January 6, 2006

             /s/ Frederick P. Stamp, Jr.
             FREDERICK P. STAMP, JR.
             UNITED STATES DISTRICT JUDGE