IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


HELEN TRACY CARBASHO,

        Plaintiff,

v.                                        Civil Action No. 5:05CV33
                                                             (STAMP)
CITY OF FOLLANSBEE POLICE DEPARTMENT,
CITY OF FOLLANSBEE,
OFFICERS RICHARD REINARD and
CHARLES E. JOHNSON, in their personal
capacities and in their official capacities
as police officers for the City of Follansbee
Police Department and JOHN DOE POLICE OFFICER,
as yet unnamed and unknown,

        Defendants.


**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT AND
DENYING WITHOUT PREJUDICE THE DEFENDANTS,
CITY OF FOLLANSBEE POLICE DEPARTMENT, CITY OF FOLLANSBEE
AND OFFICERS REINARD AND JOHNSON'S SECOND MOTIONS TO DISMISS**

I.  Procedural History

On March 18, 2005, the plaintiff, Helen Tracy Carbasho, filed a complaint in this Court against the defendants, City of Follansbee Police Department, City of Follansbee, Officers Richard Reinard and Charles E. Johnson, in their personal capacities and in their official capacities as police officers for the City of Follansbee Police Department and John Doe Police Officer, as yet unknown or unnamed, alleging common law negligence, violation of § 1983 of the Federal Civil Rights Act of 1871, intentional infliction of emotional distress and negligent infliction of

emotional distress.[1]  Further, the plaintiff requests punitive damages due to the extreme and egregious conduct of the defendants.

On June 29, 2006, the defendants, City of Follansbee Police Department and City of Follansbee, filed a second motion to dismiss.  That same day, defendants Officers Richard Reinard and Charles E. Johnson, filed a second motion to dismiss.  The plaintiff responded to the defendants' second motions to dismiss in her motion for leave to file an amended complaint, to which the defendants filed a joint reply.

On September 8, 2006, the plaintiff filed a motion for leave to file a first amended complaint, to which the defendants responded in their reply to the plaintiff's response to defendants' second motion to dismiss.

These motions are now fully briefed and ripe for review. After thorough consideration, this Court finds that the plaintiff's motion for leave to file an amended complaint should be granted. Accordingly, the defendants' second motions to dismiss must be denied without prejudice subject to refiling in response to the amended complaint.

---

[1] At the time of the filing of the complaint the plaintiff was appearing pro se.  She recently retained counsel to appear on her behalf.

2

## II. Applicable Law

Federal Rule of Civil Procedure 15(a) applies to parties seeking to amend their pleadings. This rule states in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).

Rule 15(a) grants the court broad discretion, and leave should be granted absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

## III. Discussion

The plaintiff seeks to amend her complaint to add references to the Victim Protection Act of 1984, West Virginia Code § 61-11A-1, et seq. and supporting regulations; clarify allegations concerning the intent of individual defendants and to extend the statute of limitations period based upon the time of discovery of material facts; and clarify that a punitive damage claim is being

3

asserted and add a damage claim for the un-reimbursed restitution. In response, the defendants state that they are not opposed to the plaintiff's motion to file a first amended complaint.

In discussing when leave to amend should be granted or denied, courts have examined several factors, including prejudice, delay, motive, and futility. In Foman, the Supreme Court stated:

> [i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave should, as the rule requires, be "freely given."

371 U.S. at 182.

After reviewing the record, this Court concludes that the plaintiff has not exhibited any undue delay, bad faith, or dilatory motive. The plaintiff filed her complaint pro se.[2] The plaintiff recently retained counsel in this action and would like to amend the complaint to articulate more accurately the claims she wishes to assert in this civil action. Moreover, the prejudice to the defendants from further delay is not so significant to prevent this Court from allowing the amendment. Finally, this Court cannot conclude that the plaintiff's amendment would be futile, as it raises substantive issues that this Court cannot dismiss upon cursory review. Accordingly, given the liberality rule, the

---

[2]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

4

plaintiff's motion for leave to file an amended complaint must be granted.

Further, this Court finds that the defendants should be given an opportunity to file renewed motions to dismiss to address any issues that arise from the plaintiff's amended complaint. Accordingly, the defendants, City of Follansbee Police Department and City of Follansbee's second motion to dismiss and the defendants, Officers Richard Reinard and Charles E. Johnson's second motion to dismiss must be denied without prejudice and the defendants may refile their separate motions to dismiss or other appropriate motions in response to the plaintiff's amended complaint.

## IV. <u>Conclusion</u>

For the reasons stated above, the plaintiff's motion for leave to file the first amended complaint is hereby GRANTED. The Clerk is DIRECTED to file the first amended complaint attached to the plaintiff's motion for leave to file first amended complaint, document no. 47. After the plaintiff presents the Clerk with a summons in the proper form, the Clerk is DIRECTED to issue summons on the first amended complaint. The summons and first amended complaint shall then be served upon the defendants in accordance with Federal Rule of Civil Procedure 4.

Further, the defendants, City of Follansbee Police Department and City of Follansbee's second motion to dismiss and the

defendants, Officers Richard Reinard and Charles E. Johnson's second motion to dismiss are hereby DENIED WITHOUT PREJUDICE. Thus, the defendants may file a motion to dismiss or other motion in response to the plaintiff's amended complaint.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   May 16, 2007

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE